_____



SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 5, 2025**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: LANA ELIZABETH WILLIAMS | CASE NO. 24-50458-KMS |
| DEBTOR | CHAPTER 7 |
| DALE WILKERSON | PLAINTIFF |
| V. | ADV. PROC. NO. 24-06022-KMS |
| LANA ELIZABETH WILLIAMS | DEFENDANT |

**OPINION AND ORDER GRANTING WILKERSON'S**
**MOTION FOR SUMMARY JUDGMENT (DKT. #10)**

**THIS MATTER** is before the Court on the Motion for Summary Judgment by Plaintiff Dale Wilkerson, Adv. ECF No. 10, with Response by Debtor-Defendant Lana Elizabeth Williams, Adv. ECF No. 16. The Complaint objects to the discharge of a particular debt under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) based on the Order Granting Motion for Summary Judgment in Favor of Dale Wilkinson and Final Judgment against Elizabeth L. "Lana" Williams ("State Court Judgment) by the Lamar County, Mississippi, Chancery Court ("State Court").

The State Court's decision entitles Williams to summary judgment for fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4). So, there is no need to reach whether the debt is also nondischargeable under §§ 523(a)(2)(A) and (a)(6). The nondischargeable debt

1

comprises the $200,000 prepetition judgment, plus post-judgment interest at the Mississippi rate to the date of the Final Judgment in this adversary proceeding, plus the filing fee for the Complaint, plus post-judgment interest on that total at the federal judgment rate from the date of the Final Judgment in this adversary proceeding until the debt is paid in full.

## *I. Jurisdiction*

The Court has jurisdiction over the parties to and the subject matter of this proceeding under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## *II. Undisputed Facts*

The following facts were alleged in Wilkerson's Motion for Summary Judgment and conceded by Williams in her Response:

1. "On August 11, 2023, [Wilkerson] and Stork Secret 2, LLC filed an Amended Complaint against [Williams] and others in the Chancery Court of Lamar County, Mississippi. The Amended Complaint sought relief for access to business records, accounting, constructive trust, receivership and/or custodian, appraisal, declaratory and injunctive relief, derivative action, breach of fiduciary duty and duty of loyalty, conversion, embezzlement and misappropriation, breach of the duty of good faith and fair dealing, civil conspiracy, negligence and gross negligence, breach of the LLC's operating agreement, unjust enrichment, [and] alter ego. The Amended Complaint sought monetary damages, lost profits, punitive damages, attorney fees and interest." Adv. ECF No. 10, ¶ 1.

2. "The Chancery Court ordered the appointment of Nancy Clinton, CPA to review the financial records of Stork Secret and to file a report. Clinton prepared a preliminary report and a final report." *Id*. ¶ 2.

3. "[Wilkerson] filed an Amended Motion for Summary Judgment against [Williams] in the Chancery Court." *Id*. ¶ 3.

4. "[Williams] did not file a substantive response to the Amended Motion For Summary Judgment, but instead filed a Motion For Continuance which was denied by the Chancery Court." *Id*. ¶ 4.

5. "The Chancery Court held a hearing on the Motion For Summary Judgment at which [Wilkerson] and CPA Nancy Clinton testified, at the conclusion of which, the Court granted Summary Judgment in favor of Dale Wilkerson." *Id*. ¶ 5.

6. The Chancery Court found that "Williams breached her fiduciary duties as a member of a closely held LLC and [willfully] breached the parties agreement as joint owners of the company." *Id*. ¶ 7.

7. "The Chancery Court awarded Dale Wilkerson a final judgment against Lana Williams in the amount of $200,000.00." *Id*. ¶ 8.

The following facts are from the State Court Judgment:

1. Williams was the manager and member of Stork Secret 2 LLC. Adv. ECF No. 1-5, ¶¶ 2, 9(A).

2. Wilkerson was a 25% owner of the LLC. *Id*. ¶ 8.

3. Williams failed to deposit all credit card income into the LLC account. *Id*. ¶ 3.

4. Williams spent over $100,000 in LLC funds for personal bills, excessive meal expenses and other undocumented expenditures. *Id*. ¶ 4(B).

5. Williams failed to deposit over $200,000 of LLC income into the LLC account. *Id*. ¶ 4(A).

6. Williams actions constitute breach of fiduciary duties owed as a member of a closely held LLC. *Id*. ¶ 9(A).

### *III. Summary Judgment Standard*

"[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 7056). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Est. P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted).

The moving party bears the initial responsibility of apprising the court of the basis for its motion and the parts of the record that indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party presents the . . . court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing

4

that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). When the non-movant "fails to properly address [the movant's] assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed . . . [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### *IV. Conclusions of Law*

The Bankruptcy Code excepts certain debts from discharge, including "any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The § 523(a)(4) exception to discharge "was intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts; both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's." *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998) (quoting *Boyle v. Abilene Lumber, Inc.* (*In re Boyle*), 819 F.2d 583, 588 (5th Cir. 1987)). As to the abuse of fiduciary positions, the concept of "fiduciary" under § 523(a)(4) is limited to "express or technical trusts," and the attendant duties must have been imposed before the fraud or defalcation that created the debt. *Tex. Lottery Comm'n v. Tran (In re Tran)*, 151 F.3d 339, 342 (5th Cir. 1998) (citing *Chapman v. Forsyth*, 43 U.S. (2 How.) 202 (1844); *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934)). Duties owed by corporate officers to minority owners meet these standards. *Gupta v. E. Idaho Tumor Inst., Inc. (In re Gupta)*, 394 F.3d 347, 350 (5th Cir. 2004); *LSP Inv. P'ship v. Bennett (In re Bennett)*, 989 F.2d 779, 787 (5th Cir. 1993).[1]

---

[1] Mississippi law imposes fiduciary duties to protect the interests of a minority shareholder. *Fought v. Morris*, 543 So. 2d 167, 171 (Miss. 1989). It also recognizes a fiduciary duty owed by a corporate officer to a shareholder or member. *Derouen v. Murray*, 604 So. 2d 1086, 1092 (Miss. 1992). Corporate officers who illegally divert corporate assets breach fiduciary duties and are liable therefor. *Gibson v. Manuel*, 534 So. 2d 199, 201-202 (Miss. 1988); *see also*

"A defalcation is a willful neglect of duty, even if not accompanied by fraud or embezzlement." *In re Bennett*, 989 F.2d at 790. The state of mind necessary is "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013). Defalcation is often found when fiduciaries engage in financial misconduct as is the case here. *See Bobbie Chance Robinson & Com. Grain Mktg. v. Smith (In re Smith)*, 585 B.R. 359, 372 (Bankr. N.D. Miss. 2018) (debtor used corporate funds to overpay businesses he and his family members had interest in); *Helvetia Asset Recovery v. Kahn (In re Kahn)*, 533 B.R. 576, 587 (Bankr. W.D. Tex. 2015) (corporate officer misappropriated corporate funds); *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 115-16 (5th Cir. 1993) (majority shareholder received informal dividends to exclusion of minority shareholder); *Moreno v. Ashworth (In re Moreno)*, 892 F.2d 417, 421 (5th Cir. 1990) (president improperly took cash advances from company).

Wilkerson asserts that the debt established by the State Court Judgment meets the requirements of § 523(a)(4). Because the State Court Judgment sets forth the amount of the debt, the only question is whether issue preclusion, also known as collateral estoppel, applies to make the debt nondischargeable. The party asserting collateral estoppel bears the burden of proving it applies. *Campbell v. City of Indianola*, 117 F. Supp. 3d 854, 865 (N.D. Miss. 2015). Wilkerson has proved that collateral estoppel applies here.

"A bankruptcy court may apply collateral estoppel in a dischargeability proceeding to preclude relitigation of state court findings that are relevant to dischargeability." *In re Gupta*, 394 F.3d at 349 (citing *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997)). "When giving preclusive effect to a state court judgment, th[e federal] court must apply the issue

---

*Planhouse, Inc. v. Breland & Farmer Designers, Inc.*, 412 So. 2d 1164, 1166 (Miss. 1982) (misappropriation of corporate assets by fiduciary is fraud).

6

preclusion rules of that state." *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (citing *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 601 (5th Cir. 1998)). Under the Mississippi issue preclusion rules, "the legal standard, analysis, and result are the same" as under the federal issue preclusion rules. *Blake v. Custom Recycling Servs., Inc.*, No. 1:15-cv-00055-GHD, 2015 WL 6704457, at *4 (N.D. Miss. Nov. 3, 2015). Collateral estoppel precludes relitigating an issue that was "(1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action." *Gibson v. Williams, Williams & Montgomery, P.A.*, 186 So. 3d 836, 845 (Miss. 2016) (citing *In re Estate of Stutts v. Stutts*, 529 So. 2d 177, 179 (Miss. 1988)). A fourth prerequisite applies as well: "an identity of parties from one suit to the next, and of their capacities as well." *Campbell*, 117 F. Supp. 3d at 864 (quoting *Hollis v. Hollis (Upton)*, 650 So. 2d 1371, 1377 (Miss. 1995)).

The State Court Judgment satisfies the requirements of collateral estoppel. Williams and Wilkerson were both before the State Court in their same respective capacities. The issue of breach of fiduciary duty was actually litigated on Wilkerson's motion for summary judgment. *See In re Keaty*, 397 F.3d at 272 ("The requirement that an issue be 'actually litigated' . . . simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined."). The issue was determined and was essential to the judgment in the State Court. *See* Adv. ECF No. 1-5, ¶ 9(A) (holding that Williams, as manager of the LLC, breached her fiduciary duty by misappropriating funds belonging to the LLC).

Specific to a dischargeability action, collateral estoppel applies only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question— that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue." *In re Keaty*, 397 F.3d at 271. The State Court specifically found that Williams in her capacity as manager

7

and a member of the LLC, breached her fiduciary duties to Wilkerson, the minority member, by misappropriating corporate funds. These findings satisfy the requirements of § 523(a)(4). When the underlying debt is non-dischargeable for defalcation in a fiduciary capacity, the related attorneys' fees are also nondischargeable. *In re Kahn*, 533 B.R. at 587-88.

## *V. Order*

**IT IS HEREBY ORDERED AND ADJUDGED** that Wilkerson's motion for summary judgment is **GRANTED** and

**IT IS FURTHER ORDERED AND ADJUDGED** that the judgment debt against Defendant Lana Elizabeth Williams in the amount of $200,000.00 plus post-judgment interest at the Mississippi rate to the date of the Final Judgment in this adversary proceeding, plus the filing fee for the Complaint, plus post-judgment interest on that total at the federal judgment rate from the date of the Final Judgment in this adversary proceeding until the debt is paid in full is excepted from discharge under § 523(a)(4).

##END OF ORDER##